# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| SARAH VICKERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil No. 07-2172-Ml/P |
| ) | |
| GENERAL MOTORS CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' AMENDED MOTION TO COMPEL DISCOVERY AS TO ALL TAKATA DEFENDANTS

Before the Court by order of reference is Plaintiffs' Amended Motion to Compel Discovery as to Takata Defendants. (D.E. 167). For the reasons below, the Motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

The plaintiffs' Third Amended Complaint alleges that on June 11, 2006, on Highway 72 in Mississippi, Sarah Vickers was driving westbound in her vehicle, a 2005 Yukon that was designed, manufactured, assembled, and distributed by General Motors Corporation ("GM"). The tires on the Yukon were purchased by James M. Vickers, Sarah's husband, approximately two months earlier, on April 17, 2006. At the time, Sarah Vickers was wearing her safety

belt. Passengers in the Yukon included James Vickers and their two minor daughters, Caroline Vickers and Mary Taylor Vickers. While driving in the passing lane, the left front tire of the vehicle momentarily eased into the gravel shoulder. Sarah Vickers attempted to slow the vehicle down while maneuvering to the right so as to get all four wheels back in the lane of travel. During the course of this maneuver, the Yukon began to "fish tail" (or yaw) in an unexpected fashion and then shot quickly back across the lanes of westbound traffic. During the course of this maneuver, the Yukon began to yaw violently, the wheels lifted, and the vehicle began to roll over. The vehicle ultimately landed in a ditch, and as a result of the rollover, each passenger in the Yukon sustained severe personal injuries.

With respect to defendants Takata Corporation, Takata North America, Inc., TK Holdings, Inc., Takata Seat Belts, Inc., Takata Restraint Systems, Inc., and Takata U.S.A. Corporation ("Takata Defendants"), the Third Amended Complaint alleges, among other things, as follows:

> 12. The safety belts in the Yukon were designed, manufactured, and assembled by the Takata Defendants. GMC provided specifications to the Takata Defendants. The Takata Defendants designed and manufactured the safety belts and buckles. GMC installed the safety belts and buckles into the Yukon. Both GMC and the Takata Defendants tested the buckles and safety belts components. GMC caused the Yukon to be marketed, advertised, and represented as containing qualities that it did not have.
> . . . .

18. At all relevant times, the Takata Defendants, acting by and through their employees, agents, and/or vice principals, had a duty to design, manufacture, test, market, and distribute the safety restraint system of the Yukon in such a manner that did not cause the system and the Yukon to be unreasonably dangerous. *The system provided by the Takata Defendants was/is defective because it failed to provide reasonable protection by allowing an unreasonable amount of webbing spool-out during the course of the present rollover, thus resulting in injuries to occupants that would not have otherwise occurred. The spool-out is specifically caused by the design of the retractor system, which was uniquely in the control of the Takata Defendants.* Upon information and belief, the Takata Defendants were well aware of this risk before the vehicle in question was designed and manufactured.

19. The defects and failures outlined above were a proximate and producing cause of the accident, injuries, and other damages suffered by the Plaintiffs. The Takata Defendants are therefore strictly liable for supplying a defective and unreasonably dangerous product that resulted in severe personal injuries and property damage. A safer alternative design was economically and technologically feasible at the time the safety equipment that was utilized in the Yukon left the control of the Takata Defendants.

. . . .

21. At all times relevant to this Petition, the Takata Defendants, acting by and through their employees, agents and/or vice principals, had a duty to act reasonably and prudently in the design, manufacture, marketing, and testing of the seat belts and buckles that were installed in the Yukon. The Takata Defendants violated this duty by negligently supplying a seat belt and buckle system that was not reasonably safe for consumer use as marketed. The negligence of the Takata Defendants includes but is not limited to the following acts or omissions:

    21.01    Negligent design and manufacture of the safety belt and buckle system;

    21.02    Negligent failure to disclose known defects, dangers, and problems associated with the design of the safety belts and buckles;

>     21.03   Negligent failure to address the
>     defects once they became apparent;
>
>     21.04   Negligent failure to test the belts
>     and buckles in a rollover environment;
>
>     21.05   Negligent failure to implement and
>     enforce Quality Control Procedures to assure
>     that buckles conform to design specifications;
>
>     21.06   Negligent failure to comply with
>     FMVSS 209 and ECE regulations relating to
>     buckle design;
>
>     21.07   Negligent failure to test and timely
>     address problems with restraint performance;
>
>     21.08   Negligently failing to use and
>     incorporate state of the art technology
>     available in the automotive industry for both
>     stability control and occupant protection in a
>     rollover; and
>
>     21.09   Negligently failure to notify
>     consumers, as required by law, that defects
>     exist in the Yukon's occupant restraint system
>     that relate to public safety.

(Third Amd. Compl. ¶¶ 18, 19, 21.) (emphasis added.)

Plaintiffs served written discovery on the Takata Defendants. The Takata Defendants subsequently provided written responses and documents. On February 16, 2009, plaintiffs filed their Amended Motion to Compel Discovery as to the Takata Defendants. (D.E. 167). On March 3, 2009, the Takata Defendants filed their response in opposition to the motion. A hearing was held on March 9, 2009, attended by counsel for plaintiffs and the Takata defendants.[1]

---

[1] At the beginning of the March 9, 2009 hearing, the court ruled that it would not limit discovery based on the Takata Defendants' argument that the component parts doctrine barred recovery, as a

With leave of court, on March 16 and 17, 2009, supplemental briefs were filed by the Takata Defendants and plaintiffs, respectively.

## II.  ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1). Relevancy for discovery purposes is construed broadly.  Information is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence."  Id.  "Nevertheless, discovery does have 'ultimate and necessary boundaries,'" Miller v. Fed. Express Corp., 186 F.R.D. 376, 383 (W.D. Tenn. 1999) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)), "and

---

decision on the application of that doctrine has not yet been made in this case.  Specifically, even assuming the doctrine is applicable in this type of case, the court has not yet determined whether the Takata Defendants "substantially participated" in the integration of the seat belt into the design of the 2005 GMC Yukon, and will not do so until the parties have had an opportunity to engage in discovery on this issue.  Davis v. Komatsu America Indus. Corp., 42 S.W.3d 34, 41-42 (Tenn. 2001); see also Davis v. Komatsu American Industries Corp., No. 99-5799, 2001 WL 1042229, at *3 (6th Cir. Aug. 29, 2001) (reversing order granting summary judgment for parts manufacturer because "Davis has produced sufficient evidence to create an issue of fact as to whether Komatsu substantially participated in the integration of its press into the press line, whether the integration caused the press line to be defective, and whether the defect in the press line caused Davis' injury."). Moreover, because the court is not inclined to stay discovery generally until a decision is made on the applicability of the component parts doctrine, the court permitted plaintiffs to obtain discovery on all relevant matters and did not limit discovery to the issue of whether or not the Takata Defendants substantially participated in the integration of the seat belt restraint system into the Yukon.

'it is well established that the scope of discovery is within the sound discretion of the trial court.'" Miller, 186 F.R.D. at 383 (quoting Coleman v. Am. Red Cross, 23 F.3d 1091, 1096 (6th Cir. 1994)). A court need not compel discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii).

**Interrogatory No. 2.05**: A verified supplemental interrogatory response shall be provided identifying the documents which have been produced which provide the information responsive to this interrogatory (or referencing the February 16, 2009 letter identifying those documents if the letter identifies the specific documents which contain all information responsive to this interrogatory) and stating that the response is complete.

**Interrogatory No. 2.06**: A verified supplemental interrogatory response shall be provided identifying the documents which have been produced which provide the information responsive to this interrogatory (or referencing the February 16, 2009 letter identifying those documents if the letter identifies the specific documents which contain all information responsive to this interrogatory) and stating that the response is complete.

**Interrogatory No. 2.07**: The Motion is passed over, as Takata has agreed to provide a supplemental response stating that the information already provided is complete.

**Interrogatory No. 2.09**: A verified supplemental interrogatory response shall be provided identifying the documents which have been produced which provide the information responsive to this interrogatory (or referencing the February 16, 2009 letter identifying those documents if the letter identifies the specific documents which contain all information responsive to this interrogatory) and stating that the response is complete.

**Interrogatory No. 2.10**: A verified supplemental interrogatory response shall be provided identifying the documents which have been produced which provide the information responsive to this interrogatory (or referencing the February 16, 2009 letter identifying those specific documents if the letter identifies the documents which contain all information responsive to this interrogatory) and stating that the response is complete.

**Interrogatory No. 6 and Request for Production No. 3**: A verified supplemental interrogatory response shall be provided identifying the documents which have been produced which provide the information responsive to this interrogatory and Request For Production No. 3 and an indication that the documentation is all of the responsive documentation in the possession, custody, or control of the defendant.

**Interrogatory No. 8**: The Motion is passed over, as Takata has agreed to provide a supplemental response repeating the information already provided and stating that the response is complete.

**Interrogatory No. 9 and Request No. 4**: The Takata Defendants already responded in a verified response that they are not aware of any agreement or contract entered into with General Motors in connection with the design or testing of the seat belt restraint system at issue in this litigation. See Takata Defs.' Resp. at Interrog. No. 9. The Takata Defendants are to determine if any general agreements exist which would encompass the design or testing of the seat belt restraint system involved in this litigation and produce any applicable agreements. If such agreements exist, but contain information unrelated to the seat belt restraint system at issue, the Takata Defendants may approach the court, after consulting with plaintiffs, about redacting such non-responsive information prior to production.

**Interrogatory No. 10**: A verified supplemental interrogatory response shall be provided which identifies all individuals involved in the responsive testing, or it shall indicate that those individuals are identified in identified in documents previously produced.

**Interrogatory Nos. 11 and 12 and Request for Production Nos. 5 and 6**: A verified supplemental interrogatory response shall be provided identifying the documents which have been produced which provide the information responsive to this interrogatory (or referencing the February 16, 2009 letter identifying those specific documents if the letter identifies the documents which contain all

-8-

information responsive to this interrogatory) and stating the response is complete.

**Interrogatory No. 13 and Request for Production No. 7**: The Motion is denied without prejudice as to Interrogatory No. 13 and Request for Production No. 7.

**Interrogatory No. 14 and Request for Production No. 8:** A verified supplemental interrogatory response shall be provided identifying the documents which have been produced which provide the information responsive to this interrogatory and Request For Production No. 8 and an indication that the documentation is all of the responsive documentation in the possession, custody, or control of the defendant.

**Interrogatory No. 15 and Request for Production No. 11**: The Court finds this inquiry to be relevant. The Takata Defendants have agreed to determine what, if any, customer complaint information related to the seat belt restraint system at issue in this litigation they have in their possession and contact plaintiffs' counsel to attempt to reach a resolution related to the same. If a resolution cannot be reached, a phone call will be scheduled with the Court.

**Interrogatory No. 16**: Takata shall determine how many vehicles contain the retractor involved in this litigation and, if Takata determines that listing the number of vehicles is overly burdensome, it shall notify the Court and request that the Motion

as to this interrogatory be denied on that basis. If Takata determines that the number of vehicles is not overly burdensome to produce, it shall list the vehicles containing the retractor in a verified supplemental response.

**Request for Production 12**: The Court finds that this request seeks relevant information, and therefore documents responsive to this request shall be produced, only to the extent the Takata Defendants contend that there are differences in safety performance between the restraint system used by Takata Defendants in the 2005 GMC Yukon and other restraint systems used by Takata Defendants, *with the same retractor employed in the 2005 Yukon*, in other SUV-type vehicles. This information is relevant for plaintiffs to show substantial similarity for other incidents involving SUVs using the same seat belt system (i.e. a system that uses the same retractor used in the 2005 GMC Yukon). Unlike the facts of the Gibson case cited by the defendants – where the plaintiffs failed to present sufficient support to demonstrate the similarity of the products at issue – the plaintiffs in the present case seek discovery of seat belt systems with the same "pertinent characteristics," as they relate to the accident at issue. Takata Defendants will only need to produce records if they contend that their seat belt systems used in SUVs, despite using the same retractors, somehow perform differently from the seat belt system in the 2005 Yukon. If the Takata Defendants contend that there are no differences in terms of

safety performance, then the Takata Defendants will not have to produce any documents in response to this request.[2]

**Request for Production 13:** The court finds that this request seeks relevant information, so long as the information on rollover research and development is limited to seat belt systems using the same retractor as the retractor used in the 2005 GMC Yukon. However, request 13.03, which relates to research and development regarding the effectiveness of pretensioning devices in protecting occupants in a rollover, will not be limited to only seat belt systems using the same retractor. The Takata Defendants shall respond to this request – which relates more directly to the spool out allegation and the existence of a safer alternative design – in its current form.

### III. CONCLUSION

For the reasons above, the Amended Motion to Compel is GRANTED in part and DENIED in part. The Takata Defendants shall supplement their responses and comply with this order within thirty (30) days from the date of this order.

---

[2]In addition, the Gibson case is not binding authority on this court.

IT IS SO ORDERED.

                                       s/ Tu M. Pham
                                       TU M. PHAM
                                       United States Magistrate Judge

                                       April 6, 2009
                                       Date